## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LEDON SPURLING,                              Case No. 1:19-cv-903
      Petitioner,

                              Black, J.
      vs.                                    Bowman, M.J.

WARDEN, LONDON                               **REPORT AND**
CORRECTIONAL INSTITUTION,                    **RECOMMENDATION**
      Respondent.

      Petitioner, an inmate in state custody at the London Correctional Institution has filed a

pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before

the Court on the petition, respondent's return of writ, and petitioner's reply.  (Doc. 1, 5, 8).  For

the reasons stated below, the petition should be denied.

## I.  PROCEDURAL BACKGROUND

### State Trial Proceeding

      On March 10, 2017, the Hamilton County, Ohio grand jury returned a one-count

indictment, charging petitioner with aggravated burglary.  (Doc. 4, Ex. 1).  The Bill of

Particulars stated as follows:

> In addition to the allegations set forth within the indictment, the State further asserts
> that on or about February 19, 2017, at approximately 2200 hours, in the vicinity of
> 3241 Brater Avenue, Cincinnati, Ohio 45238, the Defendant, Ledon Spurling,
> opened the front dining room window to gain access of the residence.  Ledon
> Spurling grabbed the victim's, Milisha Carter's neck, shoved Carter's head under
> the water while in the bathtub, punched Carter in her lip, causing Carter's dentures
> to fall out.  Carter suffered scratches and bruises about her face, back, neck and
> tricep.

(Doc. 4 at PageID 133).  Petitioner entered a plea of not guilty.  (Doc. 4, Ex. 2).[1]

---

[1] Petitioner filed a number of pre-trial motions.  (*See* Doc. 4, Ex. 3–27).

On September 13, 2017, following a bench trial,[2] petitioner was found guilty as charged in the indictment.  Petitioner was sentenced to a prison term of four years in the Ohio Department of Corrections.  (Doc. 4, Ex. 28).

### Direct Appeal

Petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 4, Ex. 29).[3]  Petitioner raised the following two assignments of error in his appellate brief:

1. The trial court violated Mr. Spurling's right to be informed of the nature and cause of the accusations against him, as guaranteed by the United States Constitution.

2. Mr. Spurling's conviction for aggravated burglary was based upon insufficient evidence.

(Doc. 4, Ex. 31).  On June 27, 2018, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgement of the trial court.  (Doc. 4, Ex. 33).  Petitioner unsuccessfully sought reconsideration of the ruling.  (Doc. 4, Ex. 34–38).

### Ohio Supreme Court

Petitioner filed a timely pro se notice of appeal to the Ohio Supreme Court.  (Doc. 4, Ex. 39).  In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. The trial court violated Mr. Spurling's right to be informed of the nature and cause of the accusations against him, as guaranteed by the United States Constitution.

2. Mr. Spurling's conviction for aggravated burglary was not supported by sufficient evidence because the trial court found that he entered with his own key and not by use of force, stealth, or deception.

---

[2] Petitioner proceeded pro se at trial, with appointed counsel serving as standby counsel.  (Doc. 4 at PageID 516–23).

[3] Petitioner also filed a motion to vacate the verdict for wrongful imprisonment and conviction, which was not ruled upon by the trial court.  (*See* Doc. 4, Ex. 30).

(Doc. 4, Ex. 40).  On September 12, 2018, the Ohio Supreme Court declined to accept jurisdiction over the appeal.  (Doc. 4, Ex. 41).

## Application to Reopen Direct Appeal

Meanwhile, on September 17, 2018, petitioner filed a pro se application to reopen his direct appeal, pursuant to Ohio App. R. 26(B).  (Doc. 4. Ex. 42).  Petitioner argued that his appellate counsel was ineffective for failing to raise the following assignments of error:

1.  The trial court committed prejudicial error in finding the elements of aggravated burglary as defendant is family or household member with lawful rights to the premise[s] and could not be a trespasser in violation of his due process right.

2.  The conviction was against the weight and sufficiency of the evidence because the State failed to prove one of the three essential elements of the crime charged beyond a reasonable doubt rendering the evidence legally insufficient.

3.  The trial court violated defendant's constitutional right to due process and a fair trial when it precluded him from adequately preparing a defense to the defective bill of particulars.

4.  The trial court erred when it omitted the culpable mental state of knowingly for the trespass element of aggravated burglary.

5.  Defendant was denied the effective assistance of counsel guaranteed by the VI Amendment to the United States Constitution.

(*Id.*).  On February 20, 2019, the Ohio Court of Appeals denied petitioner's application to reopen.  (Doc. 4, Ex. 47).

Petitioner appealed to the Ohio Supreme Court.  (Doc. 4, Ex. 48–49).  However, on June 26, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (Doc. 4, Ex. 50).

## Post-Conviction Motions

Petitioner also sought relief through a motion for relief from judgment, pursuant to Ohio Cir. R. 60(B)(5), and a motion to vacate judgment.  (Doc. 4, Ex. 51, 58).  The motion for relief from judgment was denied by the Ohio Court of Appeals and the Ohio Supreme Court declined

to accept jurisdiction of the subsequent appeal.  (Doc. 4, Ex. 53, 57).  The trial court denied the motion to vacate on July 12, 2019.  (Doc. 4, Ex. 59).

### Federal Habeas Corpus

Petitioner initiated the instant federal habeas corpus action on October 24, 2019.  (Doc. 1).  Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**:  Petitioner's conviction and sentence for aggravated burglary is void where both the trial court and appellate court affirmed the conviction as a common law offense which is not a cognizable crime in Ohio.

> Supporting facts:  Petitioner's conviction and sentence was affirmed at trial and on appeal as of right upon a common law theory with reference to State v. Steffens, (1987), 31 Ohio St. 111, 114-115.  Common law offenses are not a cognizable offense in the State of Ohio.

> **GROUND TWO**:  Petitioner's conviction and sentence for aggravated burglary is void where he was never given adequate notice of the cause and nature of the true accusation against him in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution as well as Article I, Section 10 & 16, of the Ohio Constitution.

> Supporting facts:  Even though the petitioner was convicted for a common law offense (which is not cognizable in Ohio), Misdemeanor Assault R.C. 2903.13 as an additional offense was not charged either in the criminal complaint and/or the indictment.

> **GROUND THREE**: Petitioner's conviction and sentence for aggravated burglary was based on insufficient evidence.

> Supporting facts:  Once the factual and elemental dispute on the trespass element was raised, the State courts affirmed the conviction on the common law theory which is not a cognizable crime under Ohio law and/or the due process clause of the 14th Amendment to the United States Constitution.

> **GROUND FOUR**:  Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

> Supporting facts:  Counsel was ineffective for failure to move for dismissal and/or acquittal 'pre-trial' based upon the fact that counsel knew or should have known the petitioner was entitled to discharge because of record evidence demonstrates that the petitioner at all relevant times was a family and household member under R.C. 3113.31.

4

(Doc. 1).

Respondent has filed a return of writ in opposition to the petition, to which petitioner has replied. (Doc. 8, 9). According to respondent, petitioner's grounds for relief are not cognizable, procedurally defaulted, and/or without merit.[4]

## II. THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the

---

[4] As detailed below, petitioner's grounds for relief are either not cognizable or without merit. Accordingly the Court need not determine whether petitioner has procedurally defaulted any of his grounds for relief. *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) ("federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits") (internal citation and quotation marks omitted).

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v.*

*Richter*, 562 U.S. 86, 102 (2011).  In other words, to obtain federal habeas relief under that

provision, the state prisoner must show that the state court ruling on the claim presented "was so

lacking in justification that there was an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement."  *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim

under § 2254(d), the federal habeas court must apply the Supreme Court precedents that

controlled at the time of the last state-court adjudication on the merits, as opposed to when the

conviction became "final."  *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at

600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim

addressed by the state courts, the federal habeas court must "look to Supreme Court cases

already decided at the time the state court made its decision").  In *Greene*, 565 U.S. at 38, the

Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. _, 131 S.Ct. 1388, 179 L.Ed.2d
> 557 (2011), that review under § 2254(d)(1) is limited to the record that was before
> the state court that adjudicated the prisoner's claim on the merits.  We said that the
> provision's "backward-looking language requires an examination of the state-court
> decision at the time it was made."  *Id.*, at __, 131 S.Ct. at 1398.  The reasoning of
> *Cullen* determines the result here.  As we explained, § 2254(d)(1) requires federal
> courts to "focu[s] on what a state court knew and did," and to measure state-court
> decisions *as of 'the time the state court renders its decision*.'"  *Id.*, at __, 131 S.Ct.
> at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and

interpreted the relevant Supreme Court case law to determine whether a legal principle or right

had been clearly established by the Supreme Court."  *Otte*, 654 F.3d at 600 (quoting *Landrum v.

Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).  The writ may issue only if the application of

clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed

to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision."

*McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

### A. Ground One

In Ground One of the petition, petitioner argues that his conviction is void. According to petitioner, common law offenses are not cognizable crimes in Ohio and his conviction and sentence were improperly affirmed "upon a common law theory with reference to *State v. Steffens,* (1987), 31 Ohio St. 111, 114–115." (Doc. 1 at PageID 5). Petitioner indicates that he raised this claim in his motion for relief from judgment, where he argued that the Ohio Court of Appeals impermissibly relied on the above Ohio Supreme Court case. (*See* Doc. 4, Ex. 51 at PageID 362).[5] Petitioner argues that under Ohio Rev. Code § 2901.03(A) there can be no conviction for a common law crime.

Petitioner is not entitled to federal habeas corpus relief based on Ground One of the petition challenging the Ohio Courts application of Ohio law. As an initial matter, petitioner's claim that he was convicted of a common law crime overlooks that his conviction and sentence is based on his being found guilty of aggravated burglary under Ohio Rev. Code § 2911.11(A)(1).[6] This Court is otherwise precluded from reviewing petitioner's ground for relief to the extent it is based on alleged violations of state law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or

---

[5] Petitioner takes issue with the Ohio Court of Appeals citing *State v. Steffen*, 509 N.E.2d 383 (1987) in the adjudication of his sufficiency of evidence claim for the proposition that "a person who enters a home with permission becomes a trespasser, subject to conviction for aggravated burglary, if he assaults the victim after gaining entry." (*See* Doc. 4 at PageID 166). Petitioner maintains that because the holding of this case is not reflected in the aggravated burglary statute, he was convicted on a common-law theory. (*See* Doc. 8, at PageID 902-905). However, as discussed below, the Ohio Court of Appeals included this citation in response to petitioner's claim that insufficient evidence was offered to prove that he did not have permission to be in the home in light his relationship with the victim. The appeals court ultimately concluded that the victim provided sufficient evidence that petitioner did not have consent to be in the residence and entered through the window. (*See* Doc. 4, Ex. 33 at PageID 166–67).

[6] To the extent that petitioner claims insufficient evidence was offered in support of his conviction, that claim is discussed below in Ground Three.

treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. §

2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502 U.S. 62, 67-

68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on

state-law questions"). Therefore, petitioner's claims that the Ohio courts misapplied Ohio law

fails to raise a cognizable ground for habeas relief.

## B. Grounds Two and Three

In Ground Two, petitioner claims that he was not provided with adequate notice of the

cause and nature of the allegations against him. (Doc. 1 at PageID 6). In Ground Three,

petitioner contends that insufficient evidence was offered in support of his conviction and

sentence.

Petitioner raised the claims asserted in Grounds Two and Three of the petition on direct

appeal. The Ohio Court of Appeals overruled the assignments of error, reasoning as follows:

> Defendant-appellant Ledon Spurling appeals his conviction for aggravated
> burglary, which stemmed from an attack on Spurling's on-again-off-again
> girlfriend. In his first assignment of error, Spurling argues that the trial court
> violated his right to be informed of the nature and cause of the accusations against
> him as provided by the Sixth Amendment to the United States Constitution.
> Spurling argues that the state violated his right because the bill of particulars stated
> that he had entered the victim's home through a window, but, at trial, the state
> offered various theories by which Spurling could have entered the home. *See State
> v. Lewis*, 21 Ohio St.2d 203, 257 N.E.2d 59 (1970).
>
> At trial, the state's proof regarding Spurling's entry into the victim's home came in
> the form of circumstantial evidence from the victim. The inference to be drawn
> from her testimony is that Spurling had entered through a window. Therefore, no
> variance existed between the allegations in the bill of particulars and the proof
> offered at trial. Moreover, even if there had been a variance, Spurling was not
> prejudiced. *See* Crim.R. 33(E)(2); *State v. Buck*, 1st Dist. Hamilton No. C-160320,
> 2017-Ohio-8242. We overrule the first assignment of error.
>
> In his second assignment of error, Spurling argues that his aggravated-burglary
> conviction was based on insufficient evidence. Specifically, Spurling argues that
> the state failed to prove that he had committed a trespass, because the victim's
> uncorroborated testimony was insufficient to prove that Spurling had lacked the

right to be in the victim's home, in light of their relationship history. *See* R.C. 2911(A)(1).

No legal requirement exists that a victim's testimony be corroborated in a burglary case. *See State v. Gingell*, 7 Ohio App.3d 364, 455 N.E.2d 1066 (1st Dist.1982), paragraph one of the syllabus (noting that no requirement exists, "statutory or otherwise, that a rape victim's testimony be corroborated as a condition to precedent to conviction"); *State v. Knowles*, 9th Dist. Lorain No. 04CA008476, 2004-Ohio-6080, ¶ 9 (holding that the victim's testimony as to the circumstances surrounding the defendant's entry was sufficient, and the court "need not search for additional, corroborating evidence"). Furthermore, the Ohio Supreme Court has held that a person who enters a home with permission becomes a trespasser, subject to conviction for aggravated burglary, if he assaults the victim after gaining entry. *State v. Steffen*, 31 Ohio St.3d 111, 114-115, 509 N.E.2d 383 (1987).

The victim testified that she had leased her home as the sole tenant, that she had participated in a program to pay her rent, and that Spurling had not kept any of his belongings in her home. The victim repeatedly testified that Spurling had not possessed a key to her home. The victim acknowledged stating to the 911 operator that Spurling had a key, but the victim explained that she had meant to say that Spurling had stated that he had a key, but that he had entered through the window. Moreover, the victim repeatedly stated that Spurling did not have consent to remain in her home on the night of the incident.

Therefore, sufficient evidence exists for Spurling's aggravated-burglary conviction. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The second assignment of error is overruled.

(Doc. 4, Ex. 33 at PageID 165–67).

The clearly-established standard of review for evaluating the merits of constitutional claims challenging the sufficiency of the evidence was established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). As the Supreme Court held in *Jackson*, because the Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense, *In Re Winship,* 397 U.S. 358, 363–64 (1970), "the relevant question" in assessing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

10

essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis in original).

Under the *Jackson* standard, the State is not required to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969–70 (6th Cir. 1983). It is the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to reweigh the evidence, reevaluate the credibility of witnesses, make its own subjective determination of guilt or innocence, or otherwise substitute its opinion for that of the jury. *See id.* at 318–19 & n.13; *see also United States v. Fisher,* 648 F.3d 442, 450 (6th Cir. 2011) (citing *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009)); *York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam).

"Circumstantial evidence alone is sufficient to support a conviction." *Newman v. Metrish,* 543 F.3d 793, 796 (6th Cir. 2008) (quoting *Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000)); *see also Fisher*, 648 F.3d at 450. Due process is satisfied as long as such evidence is enough for a rational trier of fact to make a permissible *inference* of guilt, as opposed to a reasonable *speculation* that the petitioner is guilty of the charged crime. *Newman,* 543 F.3d at 796–97 (and Sixth Circuit cases cited therein).

Moreover, federal habeas review of a claim challenging the sufficiency of the evidence is even further limited. As the Sixth Circuit explained in *Brown*, 567 F.3d at 205, the federal habeas court is "bound by two layers of deference to groups who might view facts differently

than [the habeas court] would."   The federal habeas court must defer not only to the trier of

fact's findings as required by *Jackson*, but under 28 U.S.C. § 2254(d), must also "defer to the

*state appellate court's* sufficiency determination as long as it is not unreasonable."  *Id.* (emphasis

in original); *see also Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011); *Anderson v. Trombley*,

451 F. App'x 469, 474-75 (6th Cir. 2011).  Therefore, as the Sixth Circuit went on to emphasize

in *Brown*:

> [W]e cannot rely simply upon our own personal conceptions of what evidentiary
> showings would be sufficient to convince us of the petitioner's guilt.  We cannot
> even inquire whether *any* rational trier of fact would conclude that petitioner . . . is
> guilty of the offenses for which he was charged.  Instead, we must determine
> whether the Ohio Court of Appeals itself was unreasonable in *its* conclusion that a
> rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt
> based on the evidence introduced at trial.

*Brown,* 567 F.3d at 205 (emphasis in original).

Applying the double-layer deferential standard to the case-at-hand, the undersigned is

convinced that the Ohio Court of Appeals' sufficiency determination is neither contrary to nor an

unreasonable application of *Jackson*.  As reasonably determined the Ohio Court of Appeals, the

prosecution offered sufficient evidence to support petitioner's aggravated burglary conviction.

Under Ohio Rev. Code § 2911.11(A)(1) "[n]o person, by force, stealth, or deception, shall

trespass in an occupied structure . . . when another person other than an accomplice of the

offender is present, with purpose to commit in the structure . . . any criminal offense" if "[t]he

offender inflicts, or attempts or threatens to inflict physical harm on another."

At trial, the victim testified that she had an off-and-on relationship with petitioner for six

years and had one or two children with him.  (Doc. 4, Transcript at PageID 558).  At the time of

the incident, on February 19, 2017, she testified that she was not in a relationship with petitioner

and she lived at her home alone, with her four children.  (*Id.* at PageID 559).  Petitioner visited

the house in the early afternoon to see his children.  According to the victim, she and petitioner got into an argument and she repeatedly asked him to leave after he made offensive remarks to her.  (*Id.* at PageID 562–66).  The victim testified that petitioner threatened to kill her and everyone in her household before leaving the house around seven.  (*Id.* at PageID 564–65, 569). She further testified that she subsequently called and sent petitioner a text message and told him not to come back to her house, that "I locked all of my doors.  You're not allowed here."  (*Id.* at PageID 569).  The victim testified that she informed petitioner that she planned to have company that night and sent petitioner a picture of her and a male friend.  She further testified that during a call with petitioner he stated "[i]f I come over there and somebody's there, I'm gonna kill both of you all."  (*Id.* at PageID 570).

Later that night, the victim stated that she was in the bathtub when she heard a loud noise and someone's voice asking her children "where your mom?"  (*Id.* at PageID 571–72).  She testified that she did not see petitioner enter the home, but that all the doors were locked, petitioner did not have a key (*Id.* at PageID 582-83, 589), and the window was open after petitioner entered the home.  She further testified that she never opened the windows, especially in the middle of February.  (*Id.* at PageID 573).

The victim testified that she got out of the bathtub and came out of her bedroom when petitioner grabbed her neck and punched her in the face.  (*Id.* at PageID 572).  According to the victim, petitioner threw her back into the tub and tried to drown her, chocking her under the water.  (*Id.* at PageID 574, 575).  She testified that petitioner let her go after she bit his finger and her son asked "daddy, what are you doing to my mom?"  (*Id.*).  The victim ran out of the house and called the police after petitioner left the home.  (*Id.* at PageID 575, 580–81).

13

In this case, the victim's testimony was sufficient for the Ohio Court of Appeals to reasonably determine that sufficient evidence was offered to establish that petitioner trespassed in the home with the purpose of assaulting the victim and that he inflicted physical harm.  Although petitioner argues that no evidence was offered to corroborate her testimony, as observed by the Ohio appeals court, "the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652 659 (6th Cir. 2008).  Furthermore, with respect to the trespass element, although petitioner argues—as he did at trial and on appeal—that he lived at the residence, possessed a key, and had permission to be there, the victim testified to the contrary and provided circumstantial evidence that petitioner entered the home through a window.[7]

To the extent that petitioner claims that the victim was not trustworthy or for the Court to credit his version of events, it is not the province of this court to assess the credibility of witnesses or to reweigh the evidence on habeas review.  *See Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003) (noting that a habeas court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court").[8]  Viewing the evidence in the light most favorable to the prosecution, the Ohio courts reasonably determined that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319.  The Ohio Court of Appeals' adjudication of petitioner's sufficiency of

---

[7] As noted by the Ohio Court of Appeals the victim testified repeatedly that petitioner did not live at the home, did not have permission to be there, and did not possess a key to the residence.  (*See, e.g.* Doc. 4, Trans. at PageID 558 ("[H]e was never ever had a key to my house or never lived with me."); PageID 590 ("[Petitioner] had no permission to come into my home.")  (*See also id.* at PageID 559, 562-63, 569-70, 172-75, 588-91, 602, 606, 621-22, 623).

[8] Regarding the victim's testimony, at sentencing the trial judge stated "I personally – because I listened to her testimony, I thought she was a very credible witness, I have to tell you."  (Doc. 4, Trans. at PageID 837-38).

14

evidence claim therefore involved a reasonable application of the *Jackson* standard and was based on a reasonable determination of the facts in light of the evidence presented at trial.  Accordingly, petitioner is not entitled to federal habeas relief based on his sufficiency of evidence claim in Ground Three of the petition.[9]

Petitioner is also not entitled to federal habeas relief based on Ground Two.  Petitioner claims that he was not provided with adequate notice of the charges against him.  Specifically, on direct appeal, petitioner argued that although the bill of particulars stated that he committed the offense of aggravated burglary when he entered his girlfriend's residence through the dining room window, during closing arguments the prosecution set forth various scenarios in which petitioner committed a trespass on the property.[10]  The Ohio Court of Appeals determined that no variance existed between the allegations in the bill of particulars and the proof offered at trial. (*See* Doc. 4 Ex. 33 at PageID 165-66).  Even if a variance existed, the court further concluded that petitioner was not prejudiced.[11]

---

[9] As noted above, *see supra* n.5, petitioner claims that the Ohio courts impermissibly applied *State v. Steffen,* 509 N.E.2d 383 (1987) in the adjudication of his sufficiency of evidence claim.  In *Steffen,* the Ohio Supreme Court held that "even assuming lawful initial entry, the jury was justified in inferring from the evidence that appellant's privilege to remain in [the victim's] home terminated the moment he commenced his assault on her." *Id.* at 389.  However, in this case the Ohio Court of Appeals cited *Steffen* in response to petitioner's claim that he had a key and permission to be at the home, before ultimately finding that sufficient evidence was offered at trial to find that petitioner entered through the window, as charged in the indictment and bill of particulars. (*See* Doc. 4, Ex. 33 at PageID 166-67).  In any event, to the extent that petitioner claims the Ohio appeals court impermissibly relied on the Ohio Supreme Court case in ruling on his sufficiency of evidence claim, "[t]he *Jackson* standard is to be applied with explicit reference to the criminal offense as defined by state law." *Saxton v. Sheets,* 547 F.3d 597, 606 (6th Cir. 2008) (citing *Steffen* in finding sufficient evidence to support an aggravated burglary conviction).

[10] During closing argument, the prosecution argued that the victim's testimony at trial established that petitioner did not have a key or permission to be in the home. (Doc. 4, Trans. at PageID 732-35).  However, "for the purposes of legal analysis" the prosecution argued that even assuming that petitioner possessed a key he still did not have permission to be in the victim's home (*Id.* at PageID 734-39, 745), and if the trial court were to conclude that petitioner's permission to be at the residence had not been revoked prior to the incident, that—under Ohio law—"it was revoked when he committed a violent offense against the person who had the ability and authority to revoke the privilege." (*Id.* at 738-740).

[11] The Ohio appeals cited *State v. Buck,* 100 N.E.3d 118, 134 (Ohio Ct. App. Oct. 20, 2017), which held that "[u]nder Crim.R. 33(E)(2), a variance between the allegations against the defendant and the evidence at trial is not reversible error unless the defense is prejudiced or mislead thereby.  Even a significant factual flaw in the bill of particulars is

Petitioner has failed to demonstrate that the Ohio Court of Appeals' decision was an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts. As an initial matter, petitioner's claim attacking only the manner in which he was charged with a crime does not trigger federal constitutional concerns subject to review in this federal habeas proceeding. Indeed, it is well-settled that there is not even a federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537-38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977); *Fears v. Miller*, No. 1:09cv698, 2009 WL 6315341, at *9 (N.D. Ohio Dec. 1, 2009) (Report & Recommendation), *adopted,* 2010 WL 1258096 (N.D. Ohio Mar. 30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.*, No. 1:08cv433, 2009 WL 3378246, at *1, *20 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.). As long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338; *see also Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir. 2006).

In this case, the indictment and bill of particulars was sufficient to place petitioner on notice that he was charged with committing the offense of aggravated burglary on February 19, 2017, by trespassing into the home of the victim through the front dining room window, attacking the victim in her bathtub, and causing injuries to the victim's face, back, neck, and tricep. Petitioner had sufficient notice to adequately prepare a defense to the allegations

---

not reversible error unless the defendant can establish prejudice wherein he was denied a fair trial." (internal quotation marks and citation omitted).

underlying his aggravated burglary charge.  Furthermore, as detailed in the discussion of

petitioner's sufficiency of evidence claim, sufficient evidence was offered to prove the

aggravated burglary elements as specified in the bill of particulars, including that petitioner

committed a trespass by entering the residence without permission through the dining room

window.  The Ohio Court of Appeals therefore reasonably determined that no variance existed

between the bill of particulars and the evidence presented at trial and that petitioner was not

prejudiced or otherwise denied his constitutional right to a fair trial.  Accordingly, petitioner is

not entitled to federal habeas relief based on Ground Two of the petition.

### C.  Ground Four

Finally, in Ground Four of the petition, petitioner claims that trial counsel was ineffective

for failing to move for dismissal of the charges against him before trial based on petitioner's

claim that counsel knew or should have known that the evidence demonstrated that he was a

family member, pursuant to Ohio Rev. Code § 3113.31.[12]  Petitioner maintains that this indicates

that he was not a trespasser and did not need consent to be present at the residence.  (Doc. 8 at

PageID 910).

Petitioner failed to raise this claim on direct appeal.  However, in his application to

reopen his direct appeal, petitioner claimed his appellate counsel was ineffective for failing to

raise the claim as an assignment of error.  In denying petitioner's application the Ohio Court of

Appeals determined that petitioner's proposed assignment of error would not have changed the

outcome of the appeal:

> Finally, in his fifth proposed assignment of error, Spurling contends that his trial
> counsel was ineffective in failing to object to "the defective bill of particulars [and]
> indictment and [in] allowing [his] case to go to trial" upon legally insufficient
> evidence.  But challenges to the bill of particulars, the indictment, and the
> sufficiency of the evidence . . . would not have presented a reasonably probability

---

[12] Ohio Rev. Code § 3113.31 sets forth domestic violence definitions.

> of success on appeal.  Therefore, the record cannot be said to demonstrate outcome-determinative deficiencies in trial counsel's performance with respect to those matters.  *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

(Doc. 4, Ex. 47).  As in the instant petition, petitioner relied on his claim that he was a family member and therefore could not have committed a trespass.  (*See* Doc. 4, Ex. 42 at PageID 226).

Petitioner is not entitled to federal habeas relief based on his ineffective assistance of counsel claim.  As observed by the Ohio appeals court, under *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must demonstrate that both (1) his trial attorney's conduct was constitutionally deficient; and (2) counsel's deficient performance prejudiced the defense.  *Id.* at 687.  For the reasons stated above, petitioner's claims regarding the bill of particulars and the sufficiency of evidence are without merit.  Counsel can not be ineffective for failing to raise a meritless claim.[13]  *See Davie v. Mitchell,* 547 F.3d 297, 312 (6th Cir. 2008) ("if the underlying substantive claims have no merit, the applicant cannot demonstrate that counsel was ineffective for failing to raise those claims on appeal"); *Willis v. Smith,* 351 F.3d 741, 745 (6th Cir. 2003) ("appellate counsel cannot be ineffective for failure to raise an issue that lacks merit") (citation omitted); *Alder v. Burt,* 240 F. Supp. 2d 651, 670 (E.D. Mich. 2003) ("Failing to present meritless objections at trial or meritless claims on appeal is not ineffective assistance of counsel.") (citing *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999)).

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief.  Having found that petitioner's grounds for relief are not cognizable or without merit the petition should be **DENIED** with prejudice.

---

[13] The undersigned further notes that petitioner represented himself at trial and moved repeatedly to dismiss the case prior to trial.  For example, petitioner himself filed three pre-trial motions for acquittal, arguing that insufficient evidence existed to sustain a conviction.  (*See* Doc. 4, Ex. 6, 8, 14).  Petitioner was therefore not prejudiced by trial counsel's failure to file a pre-trial motion for dismissal and/or acquittal.

18

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

       *s/Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LEDON SPURLING,　　　　　　　　　　Case No. 1:19-cv-903
　　　Petitioner,

　　　　　　　　　　　　　　　　　　　Black, J.
　　vs.　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
　　　Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.　This period may be extended further by the Court on timely motion for an extension.　Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.　If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.　A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.　Failure to make objections in accordance with this procedure may forfeit rights on appeal.　*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

20