IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LEDON SPURLING,** | : | |
| | : | |
| Petitioner, | : | Case No. 1:19-cv-0903 |
| | : | |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Judge Bowman** |
| | : | |
| **WARDEN, LONDON CORRECTIONAL INSTITUTION,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

On June 7, 2022, this case was transferred to the docket of the undersigned from the Honorable Judge Timothy S. Black of the Western Division. (ECF No. 21). This matter comes before the Court on Petitioner's objections (ECF No. 19) to the Magistrate Judge's Report and Recommendation (ECF No. 17). The Magistrate Judge's Report and Recommendation recommended that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be denied and a certificate of appealability be denied. For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation, and Spurling's objections are **DENIED**.

On September 13, 2017, Petitioner LeDon Spurling was found guilty of one count of aggravated burglary. (ECF No. 17 at 1). On September 30, 2017, the Hamilton County Court of Common Pleas sentenced Spurling to four years of incarceration in the Ohio Department of Corrections to be followed by five years of post-release supervision. (ECF No. 4 at 84–85).

Throughout 2018 and 2019, Spurling appealed his conviction several times to no avail. Spurling first appealed his conviction to the Ohio Court of Appeals, which affirmed the trial court; he appealed his conviction to the Ohio Supreme Court, but that Court declined to accept

1

jurisdiction. Spurling then filed a *pro se* application to the Ohio Court of Appeals to reopen his direct appeal. The court rejected Spurling's application and the Ohio Supreme Court declined his appeal. Spurling then filed a motion for relief from judgment in the Ohio Court of Appeals and a motion to vacate judgment in the trial court—both motions were denied. Spurling appealed the denial of his motion for relief from judgment to the Ohio Supreme Court, but that Court declined to accept jurisdiction.

Finally, on October 24, 2019, Spurling filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 before this Court. (ECF No. 1). Spurling raised the following four grounds for relief in said petition: (1) Spurling's conviction was based on a common-law theory of aggravated burglary, rendering it void because common law offenses are not cognizable under Ohio law; (2) Spurling was not provided with adequate notice of the charges against him because the prosecution placed forth a theory at closing arguments that Spurling had additionally committed the uncharged offense of misdemeanor assault; (3) Spurling's conviction and sentence for aggravated burglary was based on insufficient evidence; and (4) Spurling was provided with ineffective assistance of counsel.

The Magistrate Judge's Report and Recommendation recommended dismissal as to all four of Petitioner's claims, finding as follows. First, the Report and Recommendation recommends dismissal of Spurling's first ground because Spurling was found guilty of aggravated burglary under Ohio Rev. Code § 2911.11(A)(1) and not a common-law offense; further, a federal court may not review a state prisoner's habeas petition on the grounds that Ohio courts misapplied Ohio law. (ECF No. 17 at 18–19) (citing 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Second, the Report and Recommendation recommends dismissal of Spurling's second ground both because there is no federal constitutional right to an indictment in state criminal proceedings

and because "[t]he Ohio Court of Appeals . . . reasonably determined that no variance existed between the bill of particulars and the evidence presented at trial and that [he] was not prejudiced or otherwise denied his constitutional right to a fair trial." (*Id.* at 17–18). Third, the Report and Recommendation recommends dismissal of Spurling's third ground because, noting the deference due the trial court with respect to the weighing of evidence, the facts indicate that the Ohio Court of Appeals reasonably determined that the victim's testimony was sufficient evidence—along with the circumstantial evidence offered—to establish the petitioner was guilty of the charged conduct. (*Id.* at 9–15). Fourth, the Report and Recommendation recommends dismissal of Spurling's fourth ground because the supposed points of error regarding his claims about inadequate notice and the sufficiency of the evidence which Spurling alleges his counsel failed to raise on appeal are without merit. (*Id.* at 18) (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("if the underlying substantive claims have no merit, the applicant cannot demonstrate that counsel was ineffective for failing to raise those claims on appeal.")). Petitioner timely filed objections to the Report and Recommendation.

In reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

This Court has reviewed de novo the Report and Recommendation as it relates to Spurling's objections and finds it to be correct in all respects. Spurling's objections fail substantively to address the Report and Recommendation; instead, the objections simply reiterate his grounds for relief. Consequently, Spurling's objections are overruled. *See Frazier v. Woods,*

No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that, "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his . . . claims."). This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

For the reasons provided, this court **ORDERS** as follows:

(1) Magistrate Judge Bowman's Report and Recommendation (ECF No. 17) is **ADOPTED** as the opinion of the court.

(2) Spurling's petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

(3) A certificate of appealability is **DENIED** for the reasons stated in the Magistrate Judge's Report and Recommendation (ECF No. 17 at 19).

(4) This matter shall be **CLOSED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:** November 14, 2022